FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2010 SEP 16 PM 12:00
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SEAN ERIN NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 110-094 |
| | ) | |
| THE DEPARTMENT OF VETERANS AFFAIRS OF THE UNITED STATES, THE CHARLIE NORWOOD VA MEDICAL CENTER, and THE ATTORNEY GENERAL OF THE UNITED STATES, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned case *pro se*, attempting to raise claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671 *et seq*. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

### I.  BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff

was a patient in a medical facility operated by the Department of Veterans Affairs ("VA") during July and November of 2008. (Doc. no. 1, p. 3.) Following his treatment at the VA facility, Plaintiff received a letter from the VA notifying him of cross-contamination issues that had arisen during the time period in which he received treatment. (Id.) The letter recommended that Plaintiff submit to precautionary testing in case he had been infected. (Id.) After Plaintiff received the recommended testing, a nurse told him that he would be contacted by telephone only if his test results indicated that he was infected. (Id.) A representative from the VA called Plaintiff soon thereafter and mistakenly reported inaccurate test results; this mistake was "soon corrected." (Id.) Plaintiff maintains that some patients at the same facility suffered serious infections resulting from the use of contaminated equipment. (Id.) Plaintiff contends that the VA's negligence in using contaminated equipment and in misinforming him of the results of his precautionary testing amounts to actionable tortious conduct. (Id.) Plaintiff seeks $350,000 in compensation for the "mental anguish" that resulted from "weeks and weeks of not knowing if the [VA] exposed [him] to disease." (Id. at 3-4.)

## II. DISCUSSION

Plaintiff has failed to state a claim upon which relief may be granted under the FTCA. The FTCA permits private parties to bring suit in a federal forum against the United States for injuries resulting from the tortious conduct of persons acting on behalf of the United States. 28 U.S.C. §§ 1346(b)(1) & 2674. However, liability under the FTCA is limited to "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Id. § 1346(b)(1). It is an established principle of Georgia law that "physical injury is required for

2

a negligent infliction of emotional distress claim." Griffin v. GMAC Commer. Fin., L.L.C., 2006 U.S. Dist. LEXIS 48599, at *26 (N.D. Ga. July 18, 2006); O'Neal v. Home Town Bank of Villa Rica, 514 S.E.2d 669, 676 (Ga. Ct. App. 1999); Hall v. Carney, 511 S.E.2d 271, 274 (Ga. Ct. App. 1999); Wellborn v. DeKalb County Sch. Dist., 489 S.E.2d 345, 347 (Ga. Ct. App. 1997); Carroll v. Rock, 469 S.E.2d 391, 393 (Ga. Ct. App. 1996).

Applying this framework to Plaintiff's complaint, it is apparent that he cannot recover under the FTCA. Plaintiff has alleged no injury aside from the "mental anguish" he experienced as a result of the VA's negligent use of contaminated equipment during the time period when he received treatment and its negligent reporting of inaccurate test results. Plaintiff has not alleged any physical injury resulting from the VA's negligent conduct, in the form of an actual infection or otherwise. Because he has failed to allege physical injury, Georgia law precludes him from recovering for negligent infliction of emotional distress. O'Neal, 514 S.E.2d at 676; Hall, 511 S.E.2d at 274. Since Georgia law controls in the place where the allegedly negligent conduct occurred,[1] and since a private party in the position of the United States would not be liable under Georgia law for the acts alleged in Plaintiff's complaint, Plaintiff is likewise barred from recovery under the FTCA. 28 U.S.C. § 1346(b)(1). As Plaintiff has set forth no other type of theory of recovery aside from negligent infliction of emotional distress, his claim must be dismissed in its entirety.

FTCA liability is also limited by the statute itself, which provides a number of exceptions to its general provision for tort liability. See 28 U.S.C. § 2680. One such

---

[1] Plaintiff resides in Georgia and the medical facility where Plaintiff received allegedly negligent treatment is located in Georgia. All of the acts alleged in the complaint occurred in Georgia.

3

exception provides that persons otherwise liable under the FTCA shall not be liable for injury arising out of misrepresentation or deceit. Id. § 2680(h). Courts have uniformly held this exception applicable in the case of negligent, as well as intentional, misrepresentation. United States v. Neustadt, 366 U.S. 696, 701-02 (1961) ("28 U.S.C.S. § 2680(h) comprehends claims arising out of negligent, as well as willful, misrepresentation."); JBP Acquisitions, L.P. v. United States ex rel. FDIC, 224 F.3d 1260, 1264 (11th Cir. 2000).

In this case, the emotional distress alleged by Plaintiff has two plausible causes, the first being his possible exposure to contaminated equipment and the second being the VA's negligence in reporting inaccurate test results. Because the second of these causes amounts to a negligent misrepresentation, it falls within the FTCA's exemption from liability in cases of misrepresentation. See Rey v. United States, 484 F.2d 45, 49 (5th Cir. 1973) (barring negligence claim where the "negligently erroneous transmission of misinformation is the crucial element in the chain of causation from defendant's negligence to plaintiff's damages.").[2] Therefore, Plaintiff's complaint is also subject to dismissal to the extent that he seeks to recover for harm resulting from the VA's negligent reporting of inaccurate test results.

---

[2] The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

4

### III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of September, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE