IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| SEAN ERIN NELSON, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) CV 110-094 |
| THE DEPARTMENT OF VETERANS AFFAIRS OF THE UNITED STATES, et al., | ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which no objections have been filed. In his original complaint, Plaintiff, who is proceeding *pro se* and *in forma pauperis*, attempted to raise claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671 *et seq.* The Magistrate Judge recommended that Plaintiff's case be dismissed for failure to state a claim under the FTCA because Plaintiff failed to allege physical injury in conjunction with his claim of negligent infliction of emotional distress and because of the exception from liability under the FTCA for negligent misrepresentation. (Doc. no. 4.)

Following issuance of the R&R, Plaintiff attempted to amend his complaint by filing a document in which he set forth additional allegations. (Doc. no. 8.) The

1

Magistrate Judge found this filing to be an improper attempt by Plaintiff to amend his pleadings in a piecemeal manner by setting forth a series of allegations intended to be read in conjunction with the original complaint. (Doc. no. 9, p. 2.) The Magistrate Judge recognized that Plaintiff, as a *pro se* litigant, should be given an opportunity to amend his complaint to state a claim and avoid dismissal. (Id.) As a result, the Magistrate Judge explained to Plaintiff why his piecemeal attempt at amending his pleadings was improper, and instructed him to file a second amended complaint containing all of his allegations in a single document within 15 days. (Id.) The Magistrate Judge warned Plaintiff that failure to amend his pleadings as instructed would result in submission of the R&R to this Court for consideration without regard to the allegations set forth in his improper attempt to amend. (Id. at 2-3.) The time Plaintiff was granted to properly amend his pleadings has expired, and Plaintiff has not filed a second amended complaint or otherwise responded to the Magistrate Judge's Order.

A deficient complaint is subject to dismissal when the plaintiff fails to amend his pleadings as instructed by a court. Welch v. Laney, 57 F.3d 1004, 1009 (11th Cir. 1995) (affirming dismissal where plaintiff was given opportunity to amend deficient complaint but failed to do so). Dismissal is particularly appropriate where, as here, a court has informed the plaintiff how his pleadings are deficient and how to amend them properly. Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985) (affirming dismissal where "[t]he court not only gave [the plaintiff] the opportunity to amend, but even told [him] the deficiency in the complaint and how it could be remedied"). Here, because Plaintiff's original complaint was deficient for the reasons set forth in the R&R, and because

Plaintiff failed to amend his pleadings as instructed by the Magistrate Judge, or even to respond to the Magistrate Judge's Order instructing him to amend, dismissal is appropriate.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, this case is **DISMISSED** for failure to state a claim upon which relief can be granted, and this civil action is **CLOSED**.

SO ORDERED this 15th day of December, 2010, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA